UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | |
| MANETAS, INC., ) | |
| ) | Chapter 11 |
| Debtor ) | Case No. 08-11202-WCH |
| ) | |

**UNITED STATES TRUSTEE'S MOTION
TO CONVERT DEBTOR'S CHAPTER 11
CASE TO CHAPTER 7
(WITH CERTIFICATE OF SERVICE)**

The United States Trustee moves the Court to convert the chapter 11 case of Manetas, Inc. ("Debtor") to chapter 7, because:

a. it has failed to comply with the United States Trustee's Operating Guidelines and Reporting Requirements for Chapter 11 Cases ("OIRR") by i) filing current monthly operating reports ("MORs") and ii) certifying that it has maintained current insurance on the personal property listed in its schedule "B" ("Personalty") (Docket #43) and operations;

b. it is realizing a continuing loss to or diminution of its estate and lacks a reasonable likelihood of rehabilitating its affairs; and

c. conversion is in the best interests of creditors and the estate.

In support, the United States Trustee states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334. This is a core proceeding under 28 U.S.C. 157(b)(2)(A). Venue is proper in this court under 28 U.S.C. 1408 and 1409. The statutory predicates for relief are 28 U.S.C. 586(a)(3) and 1930(a)(6), 11 U.S.C. 307 and 1112(b) and Fed. R. Bankr. P. 1017.

**FACTS**

2. The Debtor filed its voluntary chapter 11 petition on February 22, 2008 ("Petition Date"). In its schedule "B," the Debtor claimed the Personalty as its principal assets. According to its schedules, the Debtor is balance sheet insolvent. Docket #43.

3. The OIRR require a chapter 11 debtor, among other things, to file MORs with the United States Trustee and to demonstrate that its assets and operations are adequately insured. Each MOR requires a debtor to certify whether its insurance premiums are current and, thus, whether its corresponding insurance policies are in effect.

4. The Debtor has filed no MORs with the United States Trustee since June, 2008. Without current MORs, the United States Trustee can neither verify whether the Debtor has insured the Personalty and its business operations nor evaluate its post-petition financial performance.

5. In its MORs for the period February, 2008 through June, 2008, the Debtor claimed that it had realized net cash flow ("NCF") of ($3,742), or a monthly average of ($748).[1] The ending balance of the Debtor's DIP account at June 30, 2008 was ($3,439). A spreadsheet summarizing the Debtor's post-petition NCF through December, 2006 is attached hereto for all purposes as Exhibit 1.

6. Based upon information and belief and subject to further discovery, the Debtor:

   a. has bounced checks written on its DIP account; and

   b. has incurred insufficient funds charges as a result of bouncing checks on its DIP account

---

[1] Net Cash Flow is defined as cash receipts less cash disbursements per the MORs.

**ARGUMENT**

7. The Debtor's failure to file current MORs with the United States Trustee and to verify in those MORs that insurance covering the Personalty and its operations is in effect constitutes "cause" to convert the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(4)(H).

8. The Debtor's negative post-petition NCF, negative month-ending DIP account balance and bounced DIP account checks not only demonstrate a continuing loss to or diminution of the Debtor's estate but also indicate that the Debtor lacks a reasonable likelihood of rehabilitating its affairs. The facts and reasonable inferences here demonstrate "cause" to convert the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(4)(A).

9. The interests of creditors and the estate would best be served by the immediate conversion of the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(1).

> Section 1112 clearly provides the bankruptcy court with the requisite authority to terminate a Chapter 11 case based on a showing of unreasonable delay, or continuing losses coupled with the absence of a reasonable likelihood of rehabilitation, or inability to effectuate a plan of reorganization. The inquiry under §1112 is case specific, focusing on the circumstances of each debtor. In the case of most Chapter 11 debtors, however, a plan of reorganization can be effectuated, if at all, within a matter of months, not years . . . The charge to the bankruptcy judge under §1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . .

United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,, 808 F.2d 363, 371 (5th Cir. 1987) (en banc), aff'd 484 U.S. at 365.

**PRAYER**

WHEREFORE, the United States Trustee prays that the Court enter orders converting the Debtor's chapter 11 case to chapter 7 and granting her all such other and further legal and

equitable relief to which she may be entitled.

                                        Respectfully submitted,

                                        PHOEBE MORSE

                                        United States Trustee

By:    */s/ Eric K. Bradford*
          Eric K. Bradford BBO#560231
          United States Department of Justice
          Thomas P. O'Neill Jr. Federal Bldg.
          10 Causeway Street, Room 1184
          Boston, MA 02222
          PHONE:     (617) 788-0415
          FACSIMILE: (617) 565-6368
          Eric.K.Bradford@USDOJ.gov

Dated: September 17, 2008.

## CERTIFICATE OF SERVICE

     I certify that on September 17, 2008, true and correct copies of the foregoing motion and the attached Exhibit 1 were served by CM/ECF upon the individuals who filed notices of appearance in the Court's CM/ECF database, including Debtor's counsel, who is listed below.

                           PHOEBE MORSE

                           United States Trustee

By:    */s/ Eric K. Bradford*
         Eric K. Bradford BBO#560231
         United States Department of Justice
         Thomas P. O'Neill Jr. Federal Bldg.
         10 Causeway Street, Room 1184
         Boston, MA 02222
         PHONE:     (617) 788-0415
         FACSIMILE: (617) 565-6368
         Eric.K.Bradford@USDOJ.gov

Dated: September 17, 2008.

Kathleen R. Cruickshank, Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108
(Debtor's Counsel)